**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JOSE FRANCISCO MEJIA FUENTES,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1726

Agency No.
A209-447-171

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 4, 2024
Las Vegas, Nevada

Before: M. SMITH, BENNETT, and COLLINS, Circuit Judges.

Petitioner Jose Francisco Mejia Fuentes, a citizen of Guatemala, petitions for

review of the Board of Immigration Appeal's ("BIA") denial of deferral of

removal under the Convention Against Torture ("CAT"). We have jurisdiction

under 8 U.S.C. § 1252. "Where, as here, the BIA agrees with the [immigration

judge's ("IJ")] reasoning, we review both decisions." *Garcia-Martinez v. Sessions*,

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

886 F.3d 1291, 1293 (9th Cir. 2018).  We review for substantial evidence the agency's factual findings, including adverse credibility determinations.  *Dawson v. Garland*, 998 F.3d 876, 878 (9th Cir. 2021); *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017).  Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling.  We deny the petition.

　　　1.　　Substantial evidence supports the agency's adverse credibility determination based on several inconsistencies in Mejia Fuentes's testimony.  *See Shrestha v. Holder*, 590 F.3d 1034, 1040 (9th Cir. 2010) (stating that adverse credibility determinations must be made based on the "totality of the circumstances, and all relevant factors" including demeanor, candor, responsiveness, plausibility, and inconsistency).  In his testimony before the IJ, Mejia Fuentes could not remember whether his attackers threatened him with a gun, even though he had testified at his credible fear interview that he was threatened with both a gun and knife.  Mejia Fuentes also testified that he was hospitalized for seven days after the attack, although the hospital records show that he only stayed for three days.  There was also inconsistent testimony about whether Edwin Morales, the drug dealer who threatened Mejia Fuentes, went into hiding after a warrant was issued for his arrest.  These inconsistencies are sufficient to sustain the agency's adverse credibility determination.  *Dawson*, 998

2

F.3d at 878 ("To reverse a factual finding, the evidence must 'compel' a conclusion different from the one which the [agency] reached.").

2.     Substantial evidence also supports the agency's overall CAT determination, as the evidence does not compel the conclusion that Mejia Fuentes will "more likely than not be tortured" if returned to Guatemala. *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) ("To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country.").

Mejia Fuentes contends that the agency denied CAT relief based solely on the adverse credibility determination, but the record does not support that claim. Along with the adverse credibility determination, the BIA explicitly considered that "[Mejia Fuentes's] other similarly situated family members, which include his mother, father, brother, and sister, remain unharmed in Guatemala." Based on this, the BIA concluded that "[a]s [Mejia Fuentes] did not meet his burden of proof overall, we agree with the Immigration Judge's decision to deny his CAT request."

**PETITION DENIED.**

3